UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMY L. STILES and BRANDON FINGER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-1535-B |
| FFE TRANSPORTATION SERVICES, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Notice to Potential Plaintiffs, Conditional Certification and Limited Expedited Discovery and Brief in Support (doc. 9). For the reasons stated below, the Court finds the Motion should be and hereby is **DENIED** (doc. 9).

## I.

## BACKGROUND

This action arises from Plaintiffs Tammy L. Stiles's and Brandon Finger's (the "Plaintiffs") employment with Defendant FFE Transportation Services, Inc. ("FFE"). Plaintiffs allege FFE violated the Fair Labor Standards Act by requiring Plaintiffs and other similarly situated employees to work over forty hours per week without the payment of overtime wages. (Second Am. Collective Action Compl. ¶ 29.) Plaintiffs further allege FFE willfully, intentionally and knowingly treated Plaintiffs and all other similarly situated employees as exempt from the Fair Labor Standards Act's overtime pay requirements when such employees did not, in fact, qualify as exempt employees. (*Id.* at ¶¶ 30-31.)

In the instant Motion, Plaintiffs seek to certify an opt-in class consisting of "all current and former employees of FFE that worked at least one hour of overtime, were incorrectly designated as exempt from overtime pay, and were employed as customer service representatives, accounts managers, or national accounts trackers or whose job duties required the performance of duties required of these positions." (*Id.* at ¶ 16; *see generally* Pl.'s Mot. For Notice to Potential Pls., Conditional Certification and Limited Expedited Disc. and Br. In Supp.) Plaintiffs additionally move the Court for permission to give notice to potential class members and for expedited discovery of such potential class members' contact information. (Pl.'s Mot. For Notice to Potential Pls., Conditional Certification and Limited Expedited Disc. and Br. In Supp. 9-16.) Having considered the parties' briefing and the relevant law, the Court turns to the merits of its decision.

## II.

## LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") requires employers to compensate non-exempt employees at overtime rates for time worked over a statutorily-defined number of hours. 29 U.S.C. § 207(a). Upon a violation of this provision, the FLSA provides that employees may maintain an action on behalf of themselves and any employees similarly situated provided that no employee becomes a party plaintiff to such an action "unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Thus, actions brought pursuant to Section 216(b) follow an "opt-in" procedure, rather than an "opt-

out" procedure. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *ovverruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003)[1].

In assessing motions for such "opt-in" certification under Section 216(b), the majority of federal courts employ the two stage approach developed in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Aguilar v. Complete Landsculpture, Inc.*, No. Civ.A.3:04 CV 0776 D, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004); *Barnett v. Countrywide Credit Indus., Inc.*, No. CIV.A.3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2001); *Salinas v. O'Reilly Auto., Inc.*, No. 3:04-CV-1861-B, 2005 WL 3783598, at *2 (N.D. Tex. Nov. 17, 2005); *see also Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 916 n. 2 (5th Cir. 2008) (recognizing in dicta that collective actions typically proceed in two stages).

The first stage of this approach involves a determination by the Court as to whether the plaintiff has sufficiently shown "similarly situated" potential plaintiffs exist. *Mooney*, 54 F.3d at 1214. To make such a showing, courts require substantial allegations showing "putative class members were together the victims of a single decision, policy or plan infected by discrimination." *Aguilar v. Complete Landsculpture, Inc.*, No. Civ.A.3:04 CV 0776 D, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004) (citing *Mooney*, 54 F.3d at 1214 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd and remanded*, 493 U.S. 165 (1989))). Courts typically employ a lenient standard during the first stage

---

[1] While *Mooney* involves an action under the Age Discrimination in Employment Act ("ADEA"), its analysis of Section 216(b) remains on point because the ADEA explicitly incorporates Section 216(b) of the FLSA. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90 (2003).

due to the limited amount of evidence available at this preliminary stage. *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 668 (5th Cir. 2007).

The second stage of the *Lusardi* approach occurs near the end of discovery. *Mooney*, 54 F.3d at 1214. Typically precipitated upon a motion made by the defendant, the second stage requires the court to reevaluate whether the plaintiffs remain similarly situated or whether the class should be decertified. *Id.*

## III.

## ANALYSIS

Plaintiffs Tammy L. Stiles and Brandon Finger move the Court to conditionally certify this action, provide notice to potential plaintiffs and allow limited expedited discovery. (*See generally* Pls.' Mot. For Notice to Potential Pls., Conditional Certification and Limited Expedited Disc. and Br. In Supp.) In support of their Motion, Plaintiffs note they and other similarly situated employees and former employees were "non-exempt employees who were denied overtime pay as required by law." (*Id.* at 5.) Plaintiffs contend they and members of the proposed class shared substantially similar pay structures and job duties including "tracking shipments and trucks throughout Defendants' shipping network, tracking rail report and load calls, drafting and sending night notes and OTD sheets, and assisting drivers on the road with communications with various terminals." (*Id.* at 8.)

The Court must employ a lenient standard in determining whether Plaintiffs have met their burden to show the existence of other similarly situated employees. *See Mooney*, 54 F.3d at 1214. Yet, "[w]hile the plaintiffs' burden at this stage is not onerous, neither is it invisible." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 706 (N.D. Tex. 2008) (citing *Parker v. Rowland Express, Inc.*, 492 F.

Supp. 2d 1159, 1164 (D. Minn. 2007)).  Accordingly, courts look to "such factors as 'whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread discriminatory plan was submitted'" to determine if the requisite standard has been met.  *Id.* at 707 (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

In the instant action, Plaintiffs have submitted their own declarations in support of their motion.  (*See* App. to Pls.' Mot. For Notice to Potential Pls., Conditional Certification and Limited Expedited Disc. and Br. In Supp. 11-16.)  Each Plaintiff's declaration is close to identical in substance and consists primarily of conclusory allegations unsupported by any facts based on either Plaintiff's own personal knowledge.  (*Id.*)  For instance, Tammy Stiles' declaration contains the following statement

> From my experience and conversations with other employees of FFE, I know that my colleagues located in Lancaster, Texas often worked in excess of 40 hours per week and were subject to the same compensation policies and procedures.

(*Id.* at 12 ¶ 5.)  Similarly, Brandon Fingers' declaration states

> From my experience and conversations with other employees of FFE, I know that my colleagues located in Lancaster, Texas and Newburgh, Indiana also often worked in excess of 40 hours per week and were subject to the same compensation policies and practices.

(*Id.* at 15 ¶ 5.)  The Court views both statements as vague, conclusory, and insufficient evidence of a "single decision, policy, or plan infected by discrimination." *See Aguilar v. Complete Landsculpture, Inc.*, No. Civ.A.3:04 CV 0076 D, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004).  Further, each declaration only lists four potential plaintiffs.  (*See* App. to Pls.' Mot. For Notice to Potential Pls., Conditional Certification and Limited Expedited Disc. and Br. In Supp. 11-16.)  None of these

potential plaintiffs have submitted their own affidavits, nor is any indication provided of their desire to opt-in to the action. (*See id.*) As such, even under a lenient standard, these declarations fail to adequately support conditional class certification. *See Songer*, 569 F. Supp. 2d at 707(finding the conculsory allegations contained in affidavits submitted by plaintiffs were insufficient to warrant conditional class certification); *Lentz*, 491 F. Supp. 2d at 669 (finding conditional class certification should be denied because plaintiff failed to submit evidence showing anything other than plaintiff's conclusory allegations); *H & R Block*, 186 F.R.D. at 400 (finding conditional certification was not warranted because plaintiffs failed to identify potential plaintiffs, submit affidavits of potential plaintiffs, and submit other evidence showing a widespread plan of discrimination).

## IV.

## CONCLUSION

The Court finds Plaintiffs have failed to adequately make the requisite showing that similarly situated plaintiff exist. Accordingly, the Court finds Plaintiffs' Motion for Notice to Potential Plaintiffs, Conditional Certification and Limited Expedited Discovery should be and hereby is **DENIED**[2] (doc. 9).

**SO ORDERED.**

---

[2] In accordance with the entry of this Memorandum Opinion and Order, the Court finds Plaintiffs' Motion to Lift the Court Ordered Discovery Stay (doc. 24) and Defendant's Motion for Leave to File a Sur Reply to Plaintiffs' Reply Brief in Support of Their Motion to Lift Discovery Stay (doc. 27) should be and hereby are **DENIED as moot** (docs. 24, 27). As this matter will now proceed on Plaintiffs' individual claims, the partes are directed to comply with the contemporaneously filed Joint Status Report Order issued by the Court. The Court further notes it declines to render any opinion as to damage calculations at this preliminary stage as such an issue is more properly reserved for dispositive motions.

DATED March 15, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE